Warren GOLDEN *v.* STATE of Arkansas

CR 78-172 576 S.W. 2d 955

Opinion delivered February 19, 1979
(Division II)
[as Modified on Denial of Rehearing March 12, 1979.]

100

*Ed Alford,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Warren Golden was convicted of first degree battery and, having two previous felony convictions, was sentenced to 25 years in the penitentiary.

Golden alleges three errors on appeal: a continuance should have been granted because a key defense witness was absent; inflammatory photographs were admitted in evidence; and, the court commented on the evidence. We find no error and affirm the judgment.

Golden was drinking whiskey with a man named Witt

Wick, Jr. during the afternoon and night of January 8, 1977, and the next morning. They started drinking in DeQueen and ended up on a rural road. Apparently they built a fire beside the road and continued to drink and talk. They got into an argument, the subject of which is unknown, and Golden beat the other man with a rock. Thinking he had killed the man, Golden called the sheriff's office from his brother's house and said, "I had to kill a man to protect myself." Officers searched the scene and could not find a body. Later that day, Witt was found on a nearby farm, was taken to the hospital, treated and subsequently released. Witt was not a witness, his whereabouts being unknown.

Golden's defense was a lack of intent. His attorney had subpoenaed Dr. W. J. Jones, a physician, in connection with this defense. The witness, although served, did not appear at the trial and it is alleged it was error to try Golden without this witness.

After the jury was impaneled, all parties announced ready for trial. After the witnesses were called to be sworn, the defense discovered several witnesses absent. There was a conference in chambers which is not reported. At noon, after the State had presented eight witnesses, the appellant's attorney offered an objection to proceeding in the absence of the witnesses. The defense said Dr. Jones' presence was necessary. It was determined that Dr. Jones had been served but was not present. The trial judge tried to get the parties to stipulate what the doctor's testimony would be. They could not because the defense said the doctor would testify he had treated Golden for black outs, or seizures; the State, having questioned Dr. Jones, said the doctor would testify that he had only treated Golden once and there was no record of black outs. It turned out that the appellant's lawyer had not actually spoken with the doctor, did not know him, and was relying solely on what someone else told him. The court ordered the sheriff's office to continue to try to locate the doctor and ordered the trial to proceed.

At the conclusion of the State's case, the appellant did not renew his motion for a continuance. Instead, the trial

judge asked the appellant's attorney how many witnesses he would call. The lawyer said:

It looks like I haven't got but two or one unless Dr. Jones shows up.

The trial judge remarked:

I don't know whether you've heard this report or not, but the sheriff stated he had called his office and called his residence and was unable to locate him.

The grant or denial of a continuance is a matter within the trial court's discretion. Unless there is an abuse of this discretion we will not reverse the trial judge. *Holland* v. *State,* 260 Ark. 617, 542 S.W. 2d 761 (1976). In making such a judgment, a trial judge should consider whether there is good cause, taking into account the consent of opposing counsel, and also the public interest in a prompt disposition of the case. Rules of Crim. Proc., Rule 27.3 (1977).

The trial judge took all reasonable steps to locate and produce the witness. Golden's lawyer, not having talked to the witness, could not personally verify what the testimony would actually be. Also, at the close of the State's case, it was not insisted that the trial be continued. We conclude the trial judge did not abuse his discretion.

Photographs taken at the hospital of the victim were admitted over the appellant's objection. It is argued the photographs had no independent probative value and only served to inflame the passions of the jury. The photographs were black and white depicting the victim's bloody head. However, the charge was first degree battery, a serious offense. An element of first degree battery is the intent to inflict serious physical injury. Ark. Stat. Ann. § 41-1601 (Repl. 1977).

Again, the decision was one within the sound discretion of the trial judge. *Davis* v. *State,* 246 Ark. 838, 440 S.W. 2d 244 (1969). We find no abuse of that discretion.

The trial judge made this statement just before reading the jury instructions about confessions:

> Members of the jury, you dealt with a confession in this case . . . . .

The judge then went on to give five instructions about confessions, touching on the burden of the State to prove voluntariness, the province of the jury to accept or reject a confession, the weight to be accorded such statements, and the need for corroboration. It was not until after the instructions were given, closing arguments were completed, and the jury retired, that an objection was made to the judge's statement. It is argued it was a comment on the evidence, contrary to Ark. Const. Art. 7, § 23. The appellant should have objected at the time of the statement. Objections regarding instructions should be made before or at the time they are given. Rule 13, Uniform Rules for Circuit and Chancery Courts, Ark. Stat. Ann. Vol. 3A (Supp. 1977).

Even if this were error, it does not appear to be the kind that could not have been cured by an admonition. Also, considering the instructions given on a confession immediately thereafter, it is not obvious that a mistrial should have been declared. *Gammel & Spann* v. *State,* 259 Ark. 96, 531 S.W. 2d 474 (1976).

Warren Golden had a fair trial, free of prejudicial error and the judgment is affirmed.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.