Arthur Lee COTTON *v.* STATE of Arkansas

CR 78-111                                        578 S.W. 2d 235

Opinion delivered March 26, 1979
(Division II)

*Andrew D. Gregory,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Arthur Lee Cotton was con-

victed in the Desha County Circuit Court of raping two women, one of whom was Cotton's sister-in-law. He was sentenced to ten years in the penitentiary on each count, the sentences to run consecutively.

On appeal Cotton alleges two errors: the court should have granted a continuance; and, substituted counsel should have been appointed. We find no error and affirm the judgment.

In September of 1977, Cotton was charged, determined to be an indigent, and counsel was appointed. The trial was set for April 18, 1978, by an order dated March 1, 1978. Before the jury was impaneled on the trial date, Cotton's counsel made an oral motion for a continuance. He explained that Cotton had told him in September when he was appointed that Cotton desired other counsel. Cotton was advised to feel free to hire other counsel and apparently encouraged to do so. Cotton's counsel explained that he had mailed several letters to Cotton but all of them had been unanswered. He stated that he had only talked to Cotton three times. Counsel explained that the day before the trial another lawyer called him inquiring about the possibility of serving as counsel for Cotton. The other lawyer declined to do so on such short notice. That same day Cotton consulted with his court-appointed attorney and provided counsel with the name of a witness who Cotton claimed would provide alibi testimony. A subpoena was promptly issued for this witness but she was not served and was not present for the trial. The trial court declined to grant a continuance.

The State's case was essentially the testimony of the two women victims. Cotton's defense consisted of his own testimony. His defense was that he wasn't guilty because he was not even there; at the time of the alleged crimes he was with another woman. Cotton was cross-examined as to this other woman and he replied that the reason he did not provide counsel with her name earlier was that she was a married woman, pregnant, and he did not want to get her involved. He said the reason she couldn't be served a subpoena was because she had gone fishing that day.

The first allegation of error is that the court should have granted a continuance. Motions for continuance are governed by Rules of Crim. Proc., Rule 27.3, which provides:

> The court shall grant a continuance only upon a showing of good cause and only for so long as is necessary, taking into account not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case.

Granting or failing to grant a continuance is within the discretion of the court. *Golden* v. *State*, 265 Ark. 99, 576 S.W. 2d 955 (1979). The burden is on the appellant to show that there has been an abuse of that discretion. *Freeman* v. *State*, 258 Ark. 496, 527 S.W. 2d 623 (1975). We cannot say that the trial court abused its discretion and, therefore, we find no error in this regard.

The other allegation of error is that the court should have appointed other counsel. The appellant concedes that a defendant does not have the right to designate which attorney will represent him. However, he argues that because of Cotton's expression of dissatisfaction, which Cotton's counsel says was called to the court's attention in March, the court should have appointed other counsel.[1] We cannot say on this record that the court should have done so. The case was set for trial in March and a letter was mailed to Cotton notifying him of that fact. Cotton said he did not get that letter or other letters. He said they were apparently sent to the residence of his former wife. However, during the trial, he admitted that he resided at the same address he provided to his counsel — the address to which the letters were mailed.

Essentially, the argument on appeal is that the court-appointed counsel was ineffective because of a lack of communication or cooperation between lawyer and client.

There is a presumption of competency of counsel. *Easley* v. *State of Arkansas*, 255 Ark. 25, 498 S.W. 2d 664 (1973).

[1]There is no record of counsel's conference with the trial judge in March. This statement is contained in the appellant's brief.

There is insufficient evidence in this record to overcome that presumption. In fact, the record reflects that it was Cotton who was inattentive to his case, not counsel. Counsel repeatedly tried to contact Cotton and prepare a defense for him but received little or no cooperation. Cotton's counsel filed appropriate pre-trial motions and extensively cross-examined the witnesses for the State. Counsel even argues that it was his own inadequacy and inefficiency rather than Cotton's lack of cooperation which should be considered error.[2] Cotton apparently took no action to assist his lawyer until the day before the trial. A lawyer can only do so much and if a client fails or refuses to assist his counsel, in the absence of evidence that counsel was at fault, that alone is not a basis to find a denial of the right to effective counsel.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.

___

[2]Counsel argues that he should have filed a motion for a continuance at least three days before trial. The time limit set for such motions is by the court's order setting the matter for trial.