George Henry THORNE *v.* STATE of Arkansas

CR 79-152                                           601 S.W. 2d 886
Supreme Court of Arkansas
Opinion delivered July 7, 1980

*Lessenberry & Carpenter*, by: *Thomas M. Carpenter*, for appellant.

*Steve Clark*, Atty. Gen., by: *Joseph H. Purvis*, Dept. Atty. Gen., for appellee.

WILLIAM C. BRIDGFORTH, Special Associate Justice. Appellant was found guilty of aggravated robbery and, subsequent to a finding by the jury that Appellant had been convicted of four or more previous felonies, was sentenced to life imprisonment in the State Penitentiary. He seeks reversal of his conviction raising 11 points. This Court is of the opinion that only one ground has merit. The appellant seeks reversal of his conviction on the ground that the trial judge erred in denying his motion for a continuance to obtain new counsel or, alternatively, to enable him to adequately prepare a defense *pro se*. We find that the trial court abused its discretion in not granting a continuance and, therefore, reverse and remand.

Thorne was charged with aggravated robbery by employing physical force upon an employee of Wirt's Jewelers with the purpose of committing a theft and having in

his possession a deadly weapon. The felony information further stated that Thorne had been convicted of at least four or more prior felonies and that his sentence should be increased as provided for in Ark. Stat. Ann. § 41-1001 (Repl. 1977). The information filed September 28, 1978, charged that the offense occurred on September 5, 1978. Thorne was arraigned October 19, 1978, entered a plea of not guilty, and the case was set for trial on December 15, 1978. Counsel had initially been retained by Thorne but thereafter such counsel withdrew from the case because of a conflict of interest which had developed. Thereafter, the Public Defender for the Pulaski Circuit Court was appointed to represent Thorne. On November 22, 1978, on motion of the defendant, the trial was reset until April 5, 1979, as a result of notice being given pursuant to Ark. Stat. Ann. § 41-604 (Repl. 1977) that the defendant intended to rely on the affirmative defense that at the time of the alleged conduct he lacked capacity, as a result of mental defect or disease, to conform his conduct to the requirements of law or to appreciate the criminality of his conduct. Thereafter, Thorne was committed to the State Hospital for examination. On January 29, 1979, the trial date was advanced to February 16, 1979, and on January 30, 1979, the case was reset to February 28, 1979. On February 12, 1979, a pre-trial conference was held and the February 28, 1979, date for trial was confirmed.

On that date, February 12, 1979, Thorne filed a *pro se* motion entitled "Motion to Allow Public Defender to Withdraw and to Appoint Counsel Other Than the Public Defender, or, in the Alternative, to Allow the Defendant to Proceed Pro Se" requesting that the trial be postponed until its original setting of April 5, 1979, to allow him to obtain independent counsel or, alternatively, to prepare to proceed *pro se*. Thorne alleged that the Public Defender had repeatedly ignored his request to file certain motions and upon inquiry the Assistant Public Defender in charge of his case had told Thorne that no such motions would be filed since the Assistant Public Defender could not afford to antagonize the judge because the judge had hired, and could fire, him. Act 279 of 1975 gives to the Circuit Judges of the Sixth Judicial District of Arkansas having criminal jurisdiction the right to create a public defender system and to provide for the compensation

of such attorneys and investigators as is, in their opinion, necessary for the reasonable expenses of the office. In *Pulaski County* v. *Adkisson, Judge*, 262 Ark. 636, 560 S.W. 2d 222 (1978), this Court held that the provision for the setting of salaries to be paid without appropriation by the Quorum Court was in violation of Art. 4, Section 2 of the Constitution of Arkansas. In all other jurisdictions, the procedure for the selection and compensation of public defenders is governed by Act 996 of 1975.

It is to be noted that the *pro se* motion for a continuance was filed on the same day that Thorne alleges that he became aware of the inherent conflict between the Public Defender's Office and the Court. No response to that motion for a continuance was filed by the State and the motion was not taken up by the Court until February 28, 1979, the date all were assembled for trial. On the morning of trial, Thorne reported to the Court that he and his mother had been in contact with an attorney in Pulaski County since the motion for a continuance had been filed and, as was confirmed by the Assistant Public Defender, this attorney had indicated that he was going to be in touch with the Court to see if he could get a continuance and that if such a continuance could be obtained, he would ask the Public Defender's Office to be relieved and that he be substituted as counsel of record. Efforts were made by the Court to contact this attorney and after a number of the jurors had been seated, the Court reported that a conversation had taken place with this attorney and that the attorney had agreed that, if paid a proper fee, he would represent Thorne. Thorne was asked by the Court whether or not he wanted to proceed with the trial at that time or retain the attorney. There was some question about the financial arrangements which had been made among this attorney, Thorne and Thorne's mother but it is clear that discussions concerning this fee arrangement were underway. The Court indicated that if private counsel had been retained and had filed a motion for a continuance ot the April 5, 1979, date, that such motion would have been granted. However, the Court concluded that fee arrangements had not been made, granted the portion of the motion relieving the Public Defender's Office from the case,

but denied motion for a continuance to obtain other counsel or to prepare to proceed *pro se*. There is no contention in the case that the Public Defender's Office did not thoroughly prepare the case for trial, but simply that a conflict, real or imagined, existed to such an extent that Thorne had lost all confidence in the office of the Public Defender. When asked by the Court about the statement that he could not afford to antagonize the Court, the Assistant Public Defender first indicated that he did not recall making that statement, later indicated that "Well, I may have said it, but I don't recall making it. I don't think I said that." and later denied the statement entirely. In any event, the Office of the Public Defender was relieved of responsibility in the case, but was told by the Court to remain in the courtroom in the event Thorne requested any assistance during the trial, and the trial proceeded with Mr. Thorne representing himself.

It should be pointed out that Thorne appeared to be articulate and to ably represent himself in the case. He claimed to be possessed of an LL.B. degree, by correspondence, from Blackstone University. The decision of this Court is not in any way affected by the education, or lack of it, the ability, or lack of it, or the competence or incompetence of the particular accused. The right to counsel is guaranteed to each accused by the Sixth Amendment to the Constitution of the United States. Though counsel can be waived, such waiver is never to be presumed.

It is clear that the question of a continuance is within the discretion of the tiral judge and not every denial of a request for more time violates due process or Constitutional mandates. *Ungar* v. *Sarafite*, 376 U.S. 575, 11 L. Ed. 2d 921, 84 S. Ct. 841 (1964); *Golden* v. *State*, 265 Ark. 99, 576 S.W. 2d 955 (1979). The burden is on the appellant to show that there has been an abuse of discretion. *Cotton* v. *State*, 256 Ark. 375, 578 S.W. 2d 235 (1979); *Freeman* v. *State*, 258 Ark. 496, 527 S.W. 2d 623 (1975). The right to choose counsel may not be manipulated or subverted to obstruct the orderly procedures of the Court or to interfere with the fair, efficient and effective administration of justice. *Tyler* v. *State*, 265 Ark. 822, 581 S.W. 2d 328 (1979). In each such situation the Court must look at the particular circumstances of the case at bar and the

issue must be decided on a case by case basis. *Tyler* v. *State, supra*; *Tollett* v. *U.S.*, 44 F. 2d .622 (8th Cir. 1971). It is therefore necessary to examine all of the surrounding facts and circumstances of this case.

Some of the factors to be considered include whether there was adequate opportunity for the defendant to employ counsel; whether other continuances have been requested and granted; the length of the requested delay; whether the requested delay is for legitimate reasons; whether or not the motion for a continuance was timely filed; whether or not the defendant contributed to the circumstances giving rise to the request for a continuance; whether or not the reason for the discharge of existing counsel was solely for the purpose of obtaining a continuance; whether the request is consistent with the fair, efficient and effective administration of justice; whether denying the continuance resulted in identifiable prejudice to the defendant's case of a material or substantial nature; and in case of a *pro se* proceeding, where a proper waiver of counsel existed, whether or not the accused had sufficient time to prepare for his defense. No one of these factors is a prerequisite to the granting of a continuance, but these and other factors are the legitimate subject of the court's attention when a continuance is requested.

It is the opinion of this Court that this motion for a continuance filed 16 days prior to trial on the date the defendant alleges he learned of the Public Defender's conflict was not dilatory and was made for reasons which to the defendant seemed legitimate. The length of the delay requested seems reasonable since the defendant only asked that the case be reset for its original trial date. The Court is satisfied that the defendant did not contribute to the circumstances which gave rise to the request for a continuance nor was he apprised until the morning of trial that he would be compelled to represent himself. The trial court had indicated that if independent counsel had filed a motion for a continuance, as the defendant did here, it would have been granted. Surely, if experienced legal counsel would need a continuance to prepare adequately for the accused's defense, Mr. Thorne, if he was unable to obtain counsel and was compelled to represent himself *pro se*, would be entitled to that same consideration.

Thorne was incarcerated in the Pulaski County Jail the entire time since his arrest, without access to witnesses or law books and was therefore unable to prepare for his defense. The Court holds that the trial judge abused his discretion in this case in not granting Appellant's motion for a continuance.

Even though we find no merit in the other points raised by appellant, we do find prejudice in the denial of a continuance because, if the issues had been properly presented in the trial court, there might well have been merit in some of appellant's contentions.

The judgment is reversed.

The Chief Justice and Justice GEORGE ROSE SMITH, dissent because they find no abuse of discretion.