2013 Ark. 244

**Ulises ARROYO, Jr., Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR–12–834.**

Supreme Court of Arkansas.

June 6, 2013.

Rehearing Denied July 25, 2013.

Montgomery, Adams & Wyatt, PLC, Little Rock, by: Dale E. Adams, for appellant.

Dustin McDaniel, Att'y Gen., by: Valerie Glover Fortner, Ass't Att'y Gen., for appellee.

JIM HANNAH, Chief Justice.

Appellant, Ulises Arroyo, Jr., appeals from the denial of his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37. Appellant was convicted of possession of a controlled substance—methamphetamine, possession of drug paraphernalia, maintaining a drug premises, and simultaneous possession of drugs and firearms, for which he was sentenced to a total of twenty-nine years' imprisonment. The court of appeals affirmed his convictions and sentences. *See Arroyo v. State,* 2011 Ark. App. 523, 2011 WL 4067303. Appellant then filed a petition for postconviction relief, which the circuit court denied. Appellant alleges the following errors on appeal: (1) that he was denied his Sixth Amendment right to counsel of his choice; (2) that his trial counsel was ineffective as a result of an active conflict of interest that existed because trial counsel represented both Appellant and Appellant's co-defendant; (3) that his trial counsel was ineffective for failing to object to testimony about toxicology test results; (4) that his trial counsel was ineffective for failing to object to the introduction of methamphetamine; and (5) that the circuit court erred by denying his petition without a hearing. Because we conclude that Appellant was wrongly denied his right to choice of counsel, we reverse and remand for a new trial.

On July 27, 2010, Appellant and his wife, Gisella Arroyo, were charged with possession of a controlled substance—methamphetamine, possession of drug paraphernalia, and maintaining a drug premises. Both Appellant and Ms. Arroyo were represented by attorney James Hensley. On October 7, 2010, the State amended the information against Appellant to add a charge of simultaneous possession of drugs and firearms, a Class Y felony. At a pretrial hearing on October 20, 2010, attorney Edward Adcock entered a conditional appearance on Appellant's behalf, stating that he had been retained by Appellant, but that his representation of Appellant was contingent upon obtaining a continuance, because he would not be ready for Appellant's jury trial, which was set to begin the following day. Adcock wished to inform the circuit court why a continuance would be in Appellant's best interest and how it would also serve the interest of the circuit court. The circuit court declined to hear from Adcock and instead took up Hensley's motion to sever Appellant's and Ms. Arroyo's trials. Hensley told the circuit court that he did not think it would be

fair to either of the Arroyos if he continued to represent both of them; consequently, he thought "severance ... might be in line for Gisella." Thereafter, the following colloquy took place between the circuit court, Hensley, and Adcock:

> THE COURT: Well, it seems to me like we're—either I'm not on the same train of thought with everybody or we're running towards different ends of the football field. If you've put in a great deal of time preparing for the trial for Mr. Arroyo then why don't I just let you represent Mr. Arroyo and let's go to trial tomorrow.
>
> If that creates a conflict with ... Ms. Arroyo I'll grant the severance and she can ... get her own counsel for the severance. But let's just get something done. I mean, that just makes sense to me, as opposed to me granting the severance, having absolutely nothing done as it pertains to Ms. Arroyo, granting a continuance and a new counsel as it pertains to Mr. Arroyo and then nothing gets done there.
>
> If you're prepared to represent Mr. Arroyo then let's go forward with Mr. Arroyo and let's get that case out of the way and if that creates a conflict with Ms. Arroyo she always has the right then to get another attorney.
>
> HENSLEY: Yes, Your Honor. And with that I think that my primary concern is that Mr. Arroyo has stated that he does not want me as his attorney so I'm not sure how that would work.
>
> THE COURT: Well, Mr. Arroyo has the right to hire new counsel, but what I heard Mr. Adcock say earlier is that he's not going to be a new counsel if he doesn't get a continuance and I'm not inclined to grant a continuance if Mr. Arroyo has an attorney who's ready to go trial, which is what I heard you say.
>
> HENSLEY: I am ready to go to trial, Your Honor.
>
> THE COURT: Okay. Then ... I'm going to deny any oral requests for a continuance. Mr. Hensley is the attorney for Mr. Arroyo in that matter and we will proceed to a jury trial tomorrow on that. There may be other pretrial matters that we need to take up in that, but with that, Mr. Adcock, I assume your presence can be excused because you're not going to be representing Mr. Arroyo in this matter.
>
> ADCOCK: Very well, Your Honor.

In its order denying postconviction relief, the circuit court rejected Appellant's argument that he was denied his right to choice of counsel:

> On the day before the jury trial, the Petitioner had new counsel enter an appearance and requested a delay of the proceeding. The Court was within its discretion to deny the delay and go forward with the jury trial the next day. When the Court denied the delay, the new counsel withdrew his appearance and the trial proceeded with original trial counsel. The Petitioner has not shown any evidence that the outcome would have been different had the new attorney acted as trial counsel and a continuance had been granted. The Petitioner is not entitled to relief under this ground.

Appellant contends that, pursuant to the United States Supreme Court's holding in *United States v. Gonzalez-Lopez*, 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006), he was denied his Sixth Amendment counsel of choice when the circuit court denied his motion for

continuance to substitute new counsel.[1] We first note that the circuit court applied the wrong test to Appellant's choice-of-counsel argument when it determined that Appellant was not entitled to postconviction relief because he had failed to demonstrate that the outcome of his trial would have been different had his new attorney acted as trial counsel and a continuance had been granted. "[T]he right to the *effective assistance of counsel,* the violation of which generally requires a defendant to establish prejudice," is "derived from the purpose of ensuring a fair trial." *Id.* at 146, 126 S.Ct. 2557 (emphasis added). In contrast, "the right to select counsel of one's choice |5 . . . has never been derived from the Sixth Amendment's purpose of ensuring a fair trial." *Id.* at 148, 126 S.Ct. 2557. Rather, "[i]t has been regarded as the root meaning of the constitutional guarantee." *Id.* at 147–48, 126 S.Ct. 2557. Therefore,

> [w]here the right to be assisted by counsel of one's choice is wrongly denied, . . . it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation.

Deprivation of the right is "complete" when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received. To argue otherwise is to confuse the right to counsel of choice—which is the right to a particular lawyer regardless of comparative effectiveness—with the right to effective counsel—which imposes a baseline requirement of competence on whatever lawyer is chosen or appointed. *Id.* at 148, 126 S.Ct. 2557 (emphasis added). Thus, under *Gonzalez–Lopez,* the question is not whether Appellant was prejudiced by the circuit court's denial of his motion for continuance to substitute counsel but whether that motion was wrongly denied.

Although constitutionally guaranteed, the right to counsel of one's choosing is not absolute,[2] and the circuit court retains broad discretion to grant or deny a continuance for purposes of obtaining new counsel. *Id.* at 152, 126 S.Ct. 2557 (noting that trial courts have "wide latitude in balancing the right to counsel of choice against the needs of fairness, and against

1. Generally, a petition under Rule 37 does not provide a remedy when an issue could have been raised at trial or argued on appeal. *E.g., Springs v. State,* 2012 Ark. 87, at 14, 387 S.W.3d 143, 154; *see also Sasser v. State,* 338 Ark. 375, 383–84, 993 S.W.2d 901, 906 (1999) (stating that even constitutional issues must be raised in the trial court and on direct appeal, rather than in Rule 37 proceedings). There is, however, an exception to this general rule for structural or fundamental errors that render the judgment of conviction void or subject to collateral attack. *Springs, supra; Sasser, supra.* Erroneous deprivation of the right to counsel of choice is a structural error. *Daniels v. State,* 2013 Ark. 208, at 6–7, 2013 WL 2149901(per curiam) (citing *United States v. Gonzalez–Lopez,* 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006)); *see also United States v. Gonzalez–Lopez,* 399 F.3d 924, 934 (8th Cir.2005), *aff'd and remanded,* 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (stating

that "the denial of the right to counsel of choice clearly belongs in the class of fundamental constitutional errors which reflect a defect in the framework of the trial mechanism"). Therefore, Appellant may raise this issue for the first time in a Rule 37 proceeding.

2. The Supreme Court has held that "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them" and that "a defendant [may not] insist on representation by a person who is not a member of the bar, or demand that a court honor his waiver of conflict-free representation." *Gonzalez–Lopez,* 548 U.S. at 151, 126 S.Ct. 2557 (citing *Wheat v. United States,* 486 U.S. 153, 159–60, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988); *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 624, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989)).

the demands of its calendar") (internal citations omitted). The Supreme Court of the United States has explained that

> [n]ot every restriction on counsel's time or opportunity to investigate or to consult |₆with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel. *See Chambers v. Maroney*, 399 U.S. 42, 53–54 [90 S.Ct. 1975, 26 L.Ed.2d 419] (1970). Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel. *Ungar v. Sarafite*, 376 U.S. 575, 589 [84 S.Ct. 841, 11 L.Ed.2d 921] (1964).

*Morris v. Slappy*, 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983).

Likewise, the United States Court of Appeals for the Seventh Circuit has noted that

> [a] ... court ... has a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt, orderly, and fair litigation. *Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir.2002). Even where Sixth Amendment rights are at stake, a ... court legitimately can balance the right to counsel of choice against the demands of its calendar and make scheduling and other decisions that effectively exclude chosen counsel. *Gonzalez–Lopez*, 548 U.S. at 152, 126 S.Ct. 2557. *The key, however, is whether the court has indeed balanced those interests, or instead has acted arbitrarily.*

*United States v. Sellers*, 645 F.3d 830, 835–36 (7th Cir.2011) (emphasis added).

 This court has also recognized that, once competent counsel has been obtained, any request for a change in counsel must be balanced against the public's interest in the prompt dispensation of justice. *Leggins v. State*, 271 Ark. 616, 618, 609 S.W.2d 76, 78 (1980). The right to counsel may not be manipulated or subverted to obstruct the orderly procedures of the court, or to interfere with the fair, efficient, and effective administration of justice, particularly when a change of choice is made on the eve of trial, primarily for the purpose of delay, and without making any effort to obtain substitute counsel. *See Tyler v. State*, 265 Ark. 822, 828, 581 S.W.2d 328, 331 (1979). In each situation the court must look at the particular circumstances of the case at bar, and the issue must be decided on a case-by-case |₇basis. *Thorne v. State*, 269 Ark. 556, 560–61, 601 S.W.2d 886, 889 (1980). Factors to be considered by the circuit court include whether there was adequate opportunity for the defendant to employ counsel; whether other continuances have been requested and granted; the length of the requested delay; whether the requested delay is for legitimate reasons; whether the motion for a continuance was timely filed; whether the defendant contributed to the circumstances giving rise to the request for a continuance; whether the reason for the discharge of existing counsel was solely for the purpose of obtaining a continuance; and whether the request was consistent with the fair, efficient and effective administration of justice. *See id.*, 601 S.W.2d at 889. None of these factors is a prerequisite to the granting of a continuance, but these and other factors are the legitimate subject of the court's atten-

tion when a continuance is requested. *Id.*, 601 S.W.2d at 889.

In this case, there is no evidence in the record that the circuit court balanced Appellant's right to choice of counsel against the needs of fairness and the demands of its calendar. *See Gonzalez–Lopez*, 548 U.S. at 152, 126 S.Ct. 2557. We recognize that Appellant made his request for change of counsel on the eve of trial, but there is no evidence that Appellant made the request primarily for the purpose of delay, and Appellant had already obtained substitute counsel. *See Tyler, supra.* We note that the circuit court made no attempt to determine why Appellant requested the change or whether Appellant had acted diligently in seeking the change. *See Leggins, supra.* Nor did the circuit court consider any of the factors listed in *Thorne.* In fact, the circuit court made no inquiry *at all* about why Appellant did not want Hensley to represent him. Moreover, while Adcock requested at the pretrial hearing that he be allowed to state why Appellant needed a continuance, the circuit court declined to hear from Adcock. The fact that the circuit court failed to ask Adcock how long he would need to prepare adequately for trial "evidences a failure to actually balance the right to choice of counsel against the needs of fairness, and suggests that the . . . court unreasonably viewed any delay as unacceptable." *Sellers*, 645 F.3d at 837.

A circuit court "certainly may consider how last minute continuances . . . tread upon the rights of parties and the demands of a court's calendar." *Id.* at 838. "The key, however, is that these legitimate considerations must be balanced against the reasons in support of the motion for a continuance to accommodate new counsel." *Id.* at 838–39. Here, there is no evidence that the circuit court gave any consideration to Appellant's right to choice of coun-

sel. Rather, the circuit court declined to hear from Adcock about why a continuance was necessary and failed to conduct any inquiry into Appellant's request for new counsel. *See People v. Tucker*, 382 Ill. App.3d 916, 321 Ill.Dec. 468, 889 N.E.2d 733, 740 (2008) (holding that reversible error was committed and a new trial was required where the trial court failed to inquire into the circumstances and purposes of the defendant's desire to change lawyers, viewed in light of the right to retained counsel of one's choice being "regarded as the root meaning of the constitutional guarantee" in the Sixth Amendment) (quoting *Gonzalez–Lopez*, 548 U.S. at 147–48, 126 S.Ct. 2557). The record before us indicates that the circuit court viewed any delay as unacceptable, which we conclude was unreasonable and arbitrary under the circumstances.

We hold that Appellant's motion for continuance to substitute new counsel was wrongly denied because the circuit court failed to consider Appellant's interests when deciding the motion. Accordingly, we reverse and remand for a new trial.

Reversed and remanded.

CORBIN and DANIELSON, JJ., dissent.

PAUL E. DANIELSON, Justice, dissenting.

I do not disagree with the majority's conclusion that the circuit court applied the wrong test to Arroyo's choice-of-counsel argument. However, I write because I do not believe that the facts presented in the instant case demonstrate that the circuit court wrongly denied Arroyo's motion for continuance. Additionally, I believe the majority erroneously places a burden on the circuit court to make a proper record on an appellant's behalf.

The United States Supreme Court has instructed that it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth–Amendment violation when the right to be assisted by counsel of one's choice is "wrongly denied" and that the deprivation of the right is complete when the defendant is "erroneously prevented" from being represented by the lawyer he wants. *United States v. Gonzalez–Lopez,* 548 U.S. 140, 148, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). In *Gonzalez–Lopez,* the Government conceded that the lower court had erroneously deprived the defendant of his counsel of choice. We do not have that here.

At the beginning of the pretrial hearing, held the day before Arroyo's trial was scheduled, the circuit court acknowledged Mr. Adcock, another attorney present for Arroyo, and clarified whether it was Adcock's intention to enter an appearance in the event that the matter was removed from the jury-trial docket for the following day. Adcock confirmed and indicated that he had some reasons to believe a continuance should be granted. However, the circuit court had other issues to address at the hearing, including an amended information and a motion for severance. Therefore, the circuit court first turned its attention to the attorney of record for Arroyo to discuss arraignment on the new information and the pending severance motion.

During the discussions on the motion for severance, the circuit court was considering a conflict issue and the issue of continuing the case. The following colloquy took place between Arroyo's attorney of record and the court:

ATTORNEY: [W]ith the additional charge here, I have spent a significant amount of time getting ready for the jury trial for Ulises.

. . . .

THE COURT: Either I'm not on the same train of thought with everybody or we're running toward different ends of the football field. If you've put a great deal of time preparing for the trial for Mr. Arroyo, why don't I just let you represent Mr. Arroyo and let's go to trial tomorrow. If that creates a conflict with Ms. Arroyo, I'll grant the severance and she can get her own counsel for the severance. But let's get something done. That makes sense to me as opposed to me granting the severance, having absolutely nothing done as it pertains to Ms. Arroyo, granting a continuance and new counsel as it pertains to Mr. Arroyo, and then nothing gets done here. If you're prepared to represent Mr. Arroyo then let's go forward with Mr. Arroyo and if it creates a conflict with Ms. Arroyo, she always has the right to get another attorney.

ATTORNEY: With that, I think my primary concern is that Mr. Arroyo has stated that he does not want me as his attorney, so I'm not sure how that would work.

THE COURT: Mr. Arroyo has the right to hire new counsel but what I heard Mr. Adcock say earlier is that he's not going to be a new counsel if he doesn't get a continuance, and I'm not inclined to grant a continuance if Mr. Arroyo has an attorney who's ready to go to trial, which I heard you say.

Adcock, the other attorney present at the hearing for Arroyo, never asked to address the court at that time. At the end of this discussion, the court denied any oral requests for continuance and told Adcock that he assumed his presence could be excused. He ended the hearing by asking if there were any other matters to take up.

I note that no formal request for a change of counsel was ever made, either orally or in writing, providing the court with reasons to support Arroyo's apparent desire to switch attorneys. Rather, the court considered a continuance in the context of resolving an apparent conflict and noted that an attorney was present who would be willing to enter an appearance for Arroyo should the trial be delayed. Before the circuit court concluded the pretrial hearing, neither Adcock nor Arroyo asked to further argue why Adcock should be permitted to act as Arroyo's counsel and a continuance be granted once the conflict issue had been addressed and settled and Arroyo's current counsel was prepared to go to trial.

In my opinion, the circuit court had to balance several issues in making a decision about whether the trial would take place the next day: a possible conflict and a motion to sever; a conditional entry of appearance; and whether a continuance was necessary. The court determined that the conflict could be resolved without taking the attorney prepared for trial off of the case. Therefore, the court was inclined to proceed with the trial as scheduled. With no other information before it to consider, I do not believe the court was required to do anything further.

*Gonzalez–Lopez* did not establish that any request for a change of counsel must be ₁₂granted. In fact, the Court clarified its holding:

> We have recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar. The court has, moreover, an "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." None of these limitations on the right to choose one's counsel

is relevant here. This is not a case about a court's power to enforce rules or adhere to practices that determine which attorneys may appear before it, or to make scheduling and other decisions that effectively exclude a defendant's first choice of counsel. However broad a court's discretion may be, the Government has conceded that the District Court here erred when it denied respondent his choice of counsel. Accepting that premise, we hold that the error violated respondent's Sixth Amendment right to counsel of choice and that this violation is not subject to harmless-error analysis.

548 U.S. at 152, 126 S.Ct. 2557.

In reviewing Arroyo's Rule 37 petition below, the circuit court found:

> [T]he right to counsel of a defendant's choice is not absolute and should not impede the trial court's effective and efficient administration of justice. On the day before jury trial, the Petitioner had new counsel enter an appearance and requested a delay of the proceeding. The Court was within its discretion to deny the delay and go forward with the jury trial the next day. When the Court denied the delay, the new counsel withdrew his appearance and the trial proceeded with original trial counsel.

This court does not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. *See Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. Given the facts of this case, I fail to see how this court can hold that Arroyo was *wrongly* denied his counsel of choice and that the circuit court was clearly erroneous in denying him postconviction relief.

CORBIN, J., joins.