SLIP OPINION



Cite as 2014 Ark. App. 329

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-13-1070

| | |
|---|---|
| ROBERT STEVEN CIESIELSKI<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** May 28, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. CR-2011-2450]<br><br>HONORABLE BARRY SIMS, JUDGE<br><br>REVERSED AND REMANDED |

**JOHN MAUZY PITTMAN, Judge**

In this appeal from his criminal convictions and resulting sentences, appellant argues that the trial court erred by failing to conduct the proper inquiry before refusing to allow him to personally represent himself at trial. The State concedes error, and we agree. We reverse and remand for a new trial.

The Sixth and Fourteenth Amendments to the United States Constitution guarantee an accused in a state court the right to have the assistance of counsel for his defense. *Pierce v. State*, 362 Ark. 491, 209 S.W.3d 364 (2005). The Sixth Amendment not only provides the right to assistance of counsel, but it also grants to the accused personally the right to make a defense by self-representation. *Faretta v. California*, 422 U.S. 806 (1975). No sentence involving loss of liberty may be imposed where there has been a denial of an accused's Sixth Amendment rights. *Pierce, supra.*

SLIP OPINION

An accused may waive his right to counsel, but to be effective, a waiver must be made knowingly and intelligently. *Faretta*, *supra*. The trial court maintains a weighty responsibility in determining whether an accused has knowingly and intelligently waived his right to counsel. *Pierce*, *supra*. Determining whether an intelligent waiver of the right to counsel has been made depends in each case on the particular facts and circumstances, including the background, the experience, and the conduct of the accused. A specific warning of the dangers and disadvantages of self-representation, or a record showing that the defendant possessed such required knowledge from other sources, is required to establish the validity of a waiver, and the burden is upon the State to show that an accused voluntarily and intelligently waived his fundamental right to the assistance of counsel. *Id*.

Here, the record shows that the trial court made no inquiry into appellant's background and issued no specific warning of the dangers and disadvantages of self-representation; instead the court limited its inquiry to appellant's technical legal knowledge before denying his request to represent himself. However, *Faretta* expressly holds that such knowledge is not relevant in deciding whether a waiver of counsel was knowingly and intelligently made. *Faretta*, *supra*; *Pierce*, *supra*. A violation of the Sixth Amendment right to self-representation is a fundamental, structural error that is not amenable to a harmless-error analysis. *See McKaskle v. Wiggins*, 465 U.S. 168 (1984); *Arroyo v. State*, 2013 Ark. 244, ___ S.W.3d ___. Consequently, we must reverse and remand for a retrial, prior to which the trial court shall conduct a proper inquiry into and decide appellant's request to represent himself.



Reversed and remanded.

HIXSON and WOOD, JJ., agree.

*Cheryl Barnard*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.