Cite as 2017 Ark. 280

# SUPREME COURT OF ARKANSAS

No. CR-17-163

|  |  |  |
|---|---|---|
| JUSTIN ISIAH BURNS | | **Opinion Delivered:** October 19, 2017 |
| | APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CR2016-22-IV] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| | APPELLEE | |
| | | DISMISSED. |

**RHONDA K. WOOD, Associate Justice**

Following a guilty plea, Justin Burns was sentenced to life in prison. He now appeals a pre-plea denial of a motion for continuance. However, Burns's appeal does not fall within the limited circumstances under which we may hear appeals following pleas of guilty. We accordingly lack jurisdiction to consider his argument and must dismiss the appeal.

Burns was charged with rape under Arkansas Code Annotated section 5-14-103(a)(3)(A) (Repl. 2013).[1] The circuit court appointed the public defender to represent Burns. On October 24, 2016, Burns appeared to enter his plea. The plea agreement provided that a jury would determine Burns's sentence. In the court's chambers before the proceeding started, Burns's attorney told the court that Burns wanted a continuance so he could hire private counsel. The court denied the request, noting that the case had been

---

[1] Rape is classified as a Class Y felony. Ark. Code Ann. § 5-14-103(c). The sentencing range for a Class Y felony is ten to forty years, or life. Ark. Code Ann. § 5-4-401(a)(1). But because Burns's victim was less than fourteen years old, his minimum sentence was twenty-five years. Ark. Code Ann. § 5-14-103(c)(2).

pending since February 2016 and that Burns had made four prior appearances in court. The exchange, *in toto*, was as follows:

MR. FRAISER:     Judge, before we get into that, if we could, Mr. Burns asked me—and I told him I would do this—he wants me to orally request a continuance so he can hire private counsel.

THE COURT:     We're not gonna [*sic*] do that, Mr. Burns. This case has been pending since February of 2016. You requested the Public Defender, I appointed the Public Defender. You've been here April 19th, June 21st, July 19th, September 13th, so it's too late for that. That's denied.

The court then proceeded to review the plea agreement with Burns. Burns acknowledged that he understood the agreement and had discussed it with his attorney. A document entitled "Plea and Waiver" was entered of record. This document, which Burns signed, provided "[t]hat, by entering a plea of guilty herein, he/she waives and gives up . . . his/her right to appeal his/her conviction herein."

A sentencing trial then took place in front of a jury. The State presented a number of witnesses, including the victim. Burns chose not to testify, and no other witnesses testified in his defense. The jury ultimately sentenced Burns to life in prison. Burns has now brought this appeal.

Burns's sole argument on appeal is that the circuit court wrongly denied him his constitutional right to choice of counsel when it denied his continuance.[2] We must dismiss the appeal because Burns's appeal is an improper appeal from a guilty plea. Rule 1(a) of the Arkansas Rules of Appellate Procedure–Criminal provides that "[e]xcept as provided by

---

[2] The State contends the specific right to counsel argument was not made; however, without jurisdiction, this court is unable to assess it.

[Ark. R. Crim. P. 24.3(b)] there shall be no appeal from a plea of guilty." *See also Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999); *Seibs v. State*, 357 Ark. 331, 166 S.W.3d 16 (2004). Rule 24.3 permits a defendant to enter a conditional plea, which reserves the right to appeal the denial of a motion to suppress; the denial of a motion to dismiss for violation of speedy trial; and the denial of a motion to dismiss based on an unconstitutional statute. In addition to this, we have also allowed appeals from unconditional guilty pleas if the defendant challenges the legality of the sentence itself or if the defendant challenges the admission of evidence during sentencing. *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003); *Hill v. State*, 318 Ark. 408, 414, 887 S.W.2d 275, 278 (1994) (permitting appeal from sentencing hearing because it "involve[d] nonjurisditional matters that occurred *subsequent* to [the] guilty plea") (emphasis added). Absent one of the exceptions, a defendant waives his right to appeal when he pleads guilty. *Burgess v. State*, 2016 Ark. 175, at 4, 490 S.W.3d 645, 648.

Burns did not enter a conditional guilty plea. Nor has he challenged the legality of the sentence or the admission of evidence during his sentencing trial. Rather, he maintains that the court unconstitutionally deprived him of his right to choice of counsel. For support, he relies on two cases: *Thorne v. State*, 269 Ark. 556, 601 S.W.2d 886 (1980), and *Arroyo v. State*, 2013 Ark. 244, 428 S.W.3d 464. Yet both of those cases involved convictions by a jury following a trial. *Thorne*, 269 Ark. at 557, 601 S.W.2d at 887; *Arroyo*, 2013 Ark. 244, at 1, 428 S.W.3d at 466.

Not only do our rules and case law prohibit appeals from a guilty plea, but Burns specifically acknowledged he was waiving his right to appeal. The "Plea and Waiver" document, which Burns signed, contained an appeal waiver. Moreover, during a colloquy

with Burns, the court informed him that his guilty plea resulted in a waiver of his constitutional rights. Burns cannot go back on those waivers now. We must therefore dismiss this appeal for lack of jurisdiction. *See Seibs*, 357 Ark. at 335, 166 S.W.3d at 18; *Tabor v. State*, 326 Ark. 51, 930 S.W.2d 319 (1996); *Hewitt v. State*, 362 Ark. 369, 208 S.W.3d 185 (2005) (per curiam).

Because Burns received a sentence of life in prison, the record has been reviewed for all errors prejudicial to Burns under Arkansas Supreme Court Rule 4–3(i). No reversible error was found.

Dismissed.

BAKER and HART, JJ., dissent.

**KAREN R. BAKER, Justice, dissenting.** I dissent from the majority's opinion because I would address the circuit court's denial of Burns's motion for continuance and affirm the circuit court.

On appeal, Burns challenges the circuit court's denial of his motion for continuance on the day of trial. "The question of a continuance is within the discretion of the trial judge and not every denial of a request for more time violates due process or constitutional mandates. *Ungar v. Sarafite*, 376 U.S. 575 (1964); *Golden v. State*, 265 Ark. 99, 576 S.W.2d 955 (1979). The burden is on the appellant to show that there has been an abuse of discretion. *Cotton v. State*, 265 Ark. 375, 578 S.W.2d 235 (1979); *Freeman v. State*, 258 Ark. 496, 527 S.W.2d 623 (1975). The right to choose counsel may not be manipulated or subverted to obstruct the orderly procedures of the Court or to interfere with the fair, efficient and effective administration of justice. *Tyler v. State*, 265 Ark. 822, 581 S.W.2d 328

(1979). In each such situation the court must look at the particular circumstances of the case at bar and the issue must be decided on a case by case basis. *Tyler v. State, supra*; *Tollett v. U. S.*, 44 F.2d 622 (8th Cir. 1971). It is therefore necessary to examine all of the surrounding facts and circumstances of this case." *Thorne v. State*, 269 Ark. 556, 560–61, 601 S.W.2d 886, 889 (1980). The United States Supreme Court has explained: "Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)." *Arroyo v. State*, 2013 Ark. 244, 6, 428 S.W.3d 464, 469 (2013).

Here, on the day of trial after a jury had been selected, Burns moved for a continuance to obtain new counsel. The record demonstrates the following exchange occurred:

> DEFENSE COUNSEl: Judge, before we get into that, if we could, Mr. Burns asked me—and I told him I would do this—he wants me to orally request a continuance so he can hire private counsel.

> THE COURT: We're not gonna [sic] do that, Mr. Burns. This case has been pending since February of 2016. You requested the Public Defender, I appointed the Public Defender. You've been here April 19th, June 21st, July 19th, September 13th, so it's too late for that. That's denied.

This reflects the entire exchange regarding the continuance. Here, Burns made the continuance motion, and it was denied without further discussion or objections. Burns did

not assert that his constitutional rights were violated by the denial of the motion for continuance—which he now contends on appeal. Simply put, Burns did not present to the circuit court the argument he now asserts. On appeal parties cannot change the grounds for an objection on appeal, but are bound by the scope and nature of their objections as presented at trial. *Sylvester v. State*, 2016 Ark. 136, 5, 489 S.W.3d 146, 149. Therefore, Burns has failed to demonstrate that the circuit court erred in denying his motion for continuance and I would affirm the circuit court.

**JOSEPHINE LINKER HART, Justice, dissenting.** Mr. Burns has a constitutional right to have his appeal decided on the merits. *See* Ark. Const. amend. 80, § 11. The majority has failed to apprehend that the guilt phase and the penalty phase of a criminal trial are bifurcated. While Mr. Burns elected to plead guilty, he nonetheless exercised his constitutional right to be sentenced by a jury. The jury-sentencing procedure entailed jury selection, opening statement, presentation of almost every witness that the State had intended to call during the aborted guilt phase of the trial, jury instruction, and closing argument. Consequently, the only part of Mr. Burns's constitutional right to appeal that he "waived" was his in regard to the question of his guilt or innocence. *See Johnson v. State*, 2013 Ark. 494, 430 S.W.3d 755 (appeal of jury sentencing after guilty plea). Accordingly, I would decide this case on the merits.

I respectfully dissent.

*Garrett and Penhallegon, Attorneys at Law, PLLC*, by: *Timothy Penhallegon*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.