RHONDA K. WOOD, Associate Justice h Following a guilty plea, Justin Burns was sentenced to life in prison. He now appeals a pre-plea denial of a motion for continuance. However, Burns’s appeal does not fall within the limited circumstances under which we may hear appeals following pleas of guilty. We accordingly lack jurisdiction to consider his argument and must dismiss the appeal. Burns was charged with rape under Arkansas Code Annotated section 5-14-103(a)(3)(A) (Repl. 2013).[1] The circuit court appointed the public defender to represent Burns. On October 24, 2016, Burns appeared to enter his plea. The plea agreement provided that a jury would determine Burns’s sentence. In the court’s chambers before the proceeding started, Burns’s attorney told the court that Bums wanted a continuance so he could hire private counsel. The court denied the request, noting that the case had been Impending since February 2016 and that Burns had made four prior appearances in court. The exchange, in toto, was as follows: Mr. Fraiser: Judge, before we get into that, if we could, Mr. Burns asked me—and I told him I would do this— he wants me to orally request a continuance so he can hire private counsel. The Court: We’re not gonna [sic] do that, Mr. Burns. This case has been pending since February of 2016. You requested the Public Defender, I appointed the Public Defender. You’ve been here April 19th, June 21st, July 19th, September 13th, so it’s too late for that. That’s denied. The court then proceeded to review the plea agreement with Burns. Burns acknowledged that he understood the agreement and had discussed it with his attorney. A document entitled “Plea and Waiver” was entered of record. This document, which Burns signed, provided “[t]hat, by entering a plea of guilty herein, he/she waives and gives up ... his/her right to appeal his/her conviction herein.” A sentencing trial then took place in front of a jury. The State presented a number of witnesses, including the victim. Burns chose not to testify, and no other witnesses testified in his defense. The jury ultimately sentenced Burns to life in prison. Burns has now brought this appeal. Burns’s sole argument on appeal is that the circuit court wrongly denied him his constitutional right to choice of counsel when it denied his continuance.[2] We must dismiss the appeal because Burns’s appeal is an improper appeal from a guilty plea. Rule 1(a) of the Arkansas Rules of Appellate Procedure—Criminal provides that “[ejxcept as provided by |s[Ark. R. Crim. P. 24.3(b) ] there shall be no appeal from a plea of guilty.” See also Reeves v. State, 339 Ark. 304, 5 S.W.3d 41 (1999); Seibs v. State, 357 Ark. 331, 166 S.W.3d 16 (2004). Rule 24.3 permits a defendant to enter a conditional plea, which reserves the right to appeal the denial of a motion to suppress; the denial of a motion to dismiss for violation of speedy trial; and the denial of a motion to dismiss based on an unconstitutional statute. In addition to this, we have also allowed appeals from unconditional guilty pleas if the defendant challenges the legality of the sentence itself or if the defendant challenges the admission of evidence during sentencing. Bradford v. State, 351 Ark. 394, 94 S.W.3d 904 (2003); Hill v. State, 318 Ark. 408, 414, 887 S.W.2d 275, 278 (1994) (permitting appeal from sentencing hearing because it “involve[d] nonjurisdictional matters that occurred subsequent to [the] guilty plea”) (emphasis added). Absent one of the exceptions, a defendant waives his right to appeal when he pleads guilty. Burgess v. State, 2016 Ark. 175, at 4, 490 S.W.3d 645, 648. Burns did not enter a conditional guilty plea. Nor has he challenged the legality of the sentence or the admission of evidence during his sentencing trial. Rather, he maintains that the court unconstitutionally deprived him of his right to choice of counsel. For support, he relies on two cases: Thorne v. State, 269 Ark. 556, 601 S.W.2d 886 (1980), and Arroyo v. State, 2018 Ark. 244, 428 S.W.3d 464. Yet both of those cases involved convictions by a jury following a trial. Thorne, 269 Ark. at 557, 601 S.W.2d at 887; Arroyo, 2013 Ark. 244, at 1, 428 S.W.3d at 466. Not only do our rules and case law prohibit appeals from a guilty plea, but Burns specifically acknowledged he was waiving his right to appeal. The “Plea and Waiver” document, which Burns signed, contained an appeal waiver. Moreover, during a colloquy |4with Burns, the court informed him that his guilty plea resulted in a waiver of his constitutional rights. Burns cannot go back on those waivers now. We must therefore dismiss this appeal for lack of jurisdiction. See Seibs, 357 Ark. at 335, 166 S.W.3d at 18; Tabor v. State, 326 Ark. 51, 930 S.W.2d 319 (1996); Hewitt v. State, 362 Ark. 369, 208 S.W.3d 185 (2005) (per curiam). Because Burns received a sentence of life in prison, the record has been reviewed for all errors prejudicial to Bums under Arkansas Supreme Court Rule 4-3(i). No reversible error was found. Dismissed. Baker and Hart, JJ., dissent. . Rape is classified as a Class Y felony. Ark. Code Ann. § 5-14-103(c). The sentencing range for a Class Y felony is ten to forty years, or life. Ark. Code Ann. § 5-4-401(a)(l), But because Burns’s victim was less than fourteen years old, his minimum sentence was twenty-five years. Ark. Code Ann. § 5-14-103(c)(2). . The State contends the specific right to counsel argument was not made; however, without jurisdiction, this court is unable to assess it.