Karen R. Baker, Justice, dissenting. I dissent from the majority’s opinion because I would address the circuit court’s denial of Burns’s motion for continuance and affirm the circuit court. On appeal, Burns challenges' the circuit court’s denial of his motion for continuance on the day of trial. “The question of a continuance is within the discretion of the trial judge and not every denial of a request for more time violates due process or constitutional mandates. Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964); Golden v. State, 265 Ark. 99, 576 S.W.2d 955 (1979). The burden is on the appellant to show that there has been an abuse of discretion. Cotton v. State, 265 Ark. 375, 578 S.W.2d 235 (1979); Freeman v. State, 258 Ark. 496, 527 S.W.2d 623 (1975). The right to choose counsel may not be manipulated or subverted to obstruct the orderly procedures of the Court or to interfere with the fair, efficient and effective administration of justice. Tyler v. State, 265 Ark. 822, 581 S.W.2d 328 (1979). In each such situation the court must look at the particular circumstances of the case at bar and the issue must be decided on a case by case basis. Tyler v. State, supra; Tollett v. U.S., 444 F.2d 622 (8th Cir. 1971). It is therefore necessary to examine all of the surrounding facts and circumstances of this case.” Thorne v. State, 269 Ark. 556, 560-61, 601 5.W.2d 886, 889 (1980). The United States Supreme Court has explained: “Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the spine time, and' this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary ‘insistence upon expeditiousness in the face of a justifiable request for delay’ violates the right to the assistance of counsel. Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).” Arroyo v. State, 2013 Ark. 244, 6, 428 S.W.3d 464, 469 (2013). Here, on the day of trial after a jury had been selected, Burns moved for a continuance to obtain new counsel. The record demonstrates the following exchange occurred: Defense Counsel: Judge, before we get into that, if we could, Mr. Burns asked me—and I told him I would do this—■ he wants me to orally request a continuance so he can hire private counsel. The Coubt: We’re not gonna [sic] do that, Mr. Burns. This case has been pending since February of 2016. You requested the Public Defender, I appointed the Public Defender. You’ve been here April 19th, June 21st, July 19th, September 13th, so it’s too late for that. That’s denied. This reflects the entire exchange regarding the continuance. Here, Burns made the continuance motion, and it was denied without further discussion or objections. Burns did | mot assert that his constitutional rights were violated by the denial of the motion for continuance—which he now contends on appeal. Simply put, Burns did not present to the circuit court the argument he now asserts. On appeal parties cannot change the grounds for an objection on appeal, but are bound by the scope and nature of their objections as presented at trial. Sylvester v. State, 2016 Ark. 136, 5, 489 S.W.3d 146, 149. Therefore, Burns has failed to demonstrate that the circuit court erred in denying his motion for continuance and I would affirm the circuit court.