Ricky MYERS *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES

CA 04-745                                                    208 S.W.3d 241

Court of Appeals of Arkansas
Opinion delivered May 11, 2005

[Rehearing denied June 15, 2005.]

*DeeNita D. Moak,* for appellant.

*Gray Allen Turner, Office of Chief Counsel,* for appellee.

JOHN MAUZY PITTMAN, Chief Judge. The appellant, Ricky Myers, appeals from an order terminating his parental rights. We affirm.

The record shows that appellant was named as the putative father of D. M. The child, who was born in June 2002, was taken into emergency custody by the Department of Human Services in November 2002. Appellant was incarcerated on December 20, 2002, when the child was adjudicated dependent-neglected. After appellant's release, an attorney was appointed to represent him in the dependency-neglect proceeding. Although visits with the child were scheduled, appellant failed to appear for most of them and had no further contact with the child, the Department of Human Services, or the trial court after June 2003.

Appellant's attorney appeared at review and permanency planning hearings on appellant's behalf but made no objections, stating in open court that appellant was aware of the hearing date, but that she had had no contact with appellant after April 23, 2003; that appellant had not responded to letters that she sent to his last known address; that appellant had done nothing toward the case plan and would not fill out affidavits of financial means and paternity as she requested; that she was unaware of appellant's location and unable to obtain his current address; that the only means of contacting appellant was by his cell phone; and that, when she called his cell phone, appellant pretended to be someone else. At a hearing to terminate parental rights held on December 9, 2003, appellant's attorney stated that she had been informed that appellant had again been incarcerated but that, despite having made multiple attempts to locate him, she had had no further contact with appellant after June 3, 2003. She stated that appellant had not had any significant contact with the child, and she did not object to the entry of an order terminating appellant's parental rights.

After the termination order was entered, present counsel was appointed for appellant and perfected this appeal, arguing that the trial court erred in terminating appellant's parental rights because

adequate reunification services were not provided, no meaningful effort was made to reunite appellant and his putative child, no evidence was presented at the hearing, and that appellant's appointed trial counsel was ineffective. We affirm.

■ We cannot address appellant's arguments because they all have been raised for the first time on appeal. Even in a case involving termination of parental rights where constitutional issues are argued, we will not consider arguments made for the first time on appeal. *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992). This applies as well to appellant's assertion that his trial counsel was ineffective. *Jones v. Arkansas Department of Human Services*, 361 Ark. 164, 205 S.W.3d 778 (2005).

Affirmed.

GLADWIN and BIRD, JJ., agree.