SLIP OPINION

Cite as 2015 Ark. 422

# SUPREME COURT OF ARKANSAS

No. CV–15–177

| | |
|---|---|
| RANDI SILKMAN, AS ADMINISTRATOR OF THE ESTATE OF VERA KOLESAR, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF VERA KOLESAR<br><br>APPELLANT<br><br>V.<br><br>EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY; EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, D/B/A GOOD SAMARITAN CAMPUS HOT SPRINGS; GOOD SAMARITAN SOCIETY INSURANCE, LTD.; CORRINE WHITE, IN HER CAPACITY AS ADMINISTRATOR OF GOOD SAMARITAN SOCIETY–HOT SPRINGS VILLAGE; JOHN DOE I; JOHN DOE II; JOHN DOE III; JOHN DOE IV; AND JOHN DOE V<br><br>APPELLEES | **Opinion Delivered** November 12, 2015<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. CV-10-997-2]<br><br>HONORABLE GARY M. ARNOLD, JUDGE<br><br>AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Randi Silkman, as administrator of the estate of Vera Kolesar, deceased, and on behalf

of the wrongful–death beneficiaries of Vera Kolesar, has appealed from a grant of summary

judgment by the Saline County Circuit Court in favor of appellees, Evangelical Lutheran

Good Samaritan Society; Evangelical Lutheran Good Samaritan Society d/b/a Good

SLIP OPINION

Samaritan Campus Hot Springs; Good Samaritan Society Insurance, Ltd.; Corrine White, in her capacity as administrator of Good Samaritan Society–Hot Springs Village; and John Does I–V. The circuit court, in granting the motion, found that the first properly filed complaint in this case had been filed prior to the complaint at issue and had been removed to federal court. The circuit court also dismissed the complaint under the doctrine of *forum non conveniens*. We previously decided an appeal in this same case in *Evangelical Lutheran Good Samaritan Society v. Kolesar*, 2014 Ark. 279. As this is a second, or subsequent, appeal filed with this court, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(7) (2015). We affirm the order of the circuit court.

On December 2, 2010, Robert Kolesar, Sr., Vera Kolesar's husband, filed a medical-malpractice action against appellees as attorney-in-fact for Mrs. Kolesar.[1] The case was removed to federal court and subsequently remanded to state court. In May 2011, appellees filed a motion to compel arbitration and for dismissal. That motion was denied by the circuit court, and the denial was affirmed by this court in our earlier decision, which was issued in 2014.

On June 7, 2011, appellant filed an amended and substituted complaint that added an insurance company as a defendant. During a hearing on the motion to compel arbitration on November 3, 2011, Mr. Kolesar testified that he did not have a power of attorney over Mrs. Kolesar when the complaint was filed in December 2010. Appellees made an oral motion

---

[1]Mrs. Kolesar died on May 2, 2014. Mrs. Silkman successfully moved to be substituted as the plaintiff in the suit.

SLIP OPINION

during the hearing to withdraw the complaint on the ground that Mr. Kolesar did not have a valid power of attorney when the 2010 complaint was filed. Appellant filed an amendment to the complaint on November 7, 2011, that had attached to it a power of attorney over Vera Kolesar in favor of Robert Kolesar, Jr. Appellant withdrew that power of attorney and attached one executed by Mrs. Kolesar in favor of Mr. Kolesar, Sr., to an "Amendment to Complaint" filed on November 29, 2011, that incorporated the "original complaint" by reference. Prior to this, on November 21, 2011, appellant filed a new complaint essentially identical to the amended and substituted complaint in the Saline County Circuit Court. That complaint was subsequently removed to federal court, and the federal court stayed that action in December 2012 pending the outcome of the motion for summary judgment at issue here.

Appellees filed a motion for summary judgment on December 29, 2011, in which they argued that Mr. Kolesar lacked standing to sue, and the complaint should be dismissed as a matter of law. In the response to the motion, appellant alleged that the May 19, 2011 power of attorney and the November 29, 2011 amendment to the complaint should be considered "ratification, joinder, or substitution" under Arkansas Rule of Civil Procedure 17(a).[2] At the

---

[2]Arkansas Rule of Civil Procedure 17(a) (2015) states:

Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

SLIP OPINION

May 18, 2012 hearing on the motion for summary judgment, appellees argued additionally that the complaint should be dismissed under the doctrine of *forum non conveniens*. The circuit court entered an order on November 17, 2014, in which it found that the November 21, 2011 complaint was the first validly filed action in this case, found that the doctrine of *forum non conveniens* supported granting the motion, granted the motion, and dismissed the complaint without prejudice. This appeal followed.

The law is well settled regarding the standard of review used by this court in reviewing a grant of summary judgment. *Brock v. Townsell*, 2009 Ark. 224, 309 S.W.3d 179. A trial court will grant summary judgment only when it is apparent that no genuine issues of material fact exist requiring litigation and that the moving party is entitled to judgment as a matter of law. *Id*. The burden of proof shifts to the opposing party once the moving party establishes a prima facie entitlement to summary judgment; the opposing party must demonstrate the existence of a material issue of fact. *Id*. After reviewing the evidence, the trial court should deny summary judgment if, under the evidence, reasonable minds could reach different conclusions from the same undisputed facts. *Id*.

Appellant's first argument on appeal is that the June 2011 complaint or the November 7, 2011 amendment constitute the first-filed action in this case and, as both were filed prior to the November 21, 2011 complaint, the trial court erred in finding that the November 21, 2011 complaint was the first validly filed action. However, appellant never raised this argument before the trial court. It is axiomatic that this court will not consider arguments raised for the first time on appeal. *Brown v. Lee*, 2012 Ark. 417, at 7, 424 S.W.3d 817, 821.

4

Before the trial court, appellant argued that the November 29, 2011 complaint, combined with the May 19, 2011 power of attorney, served to satisfy Arkansas Rule of Civil Procedure 17(a), thereby making the December 2010 complaint a validly filed action. Not once did appellant argue, as she does on appeal, that the first validly filed action was either the June 2011 amended and substituted complaint or the November 7, 2011 amendment to the complaint. Because of this, the argument will not be considered by this court on appeal.

Appellant's next argument is that the trial court erred by dismissing the complaint under the doctrine of *forum non conveniens*. Pursuant to Arkansas Code Annotated section 16-4-101(D) (Repl. 2010), "[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any condition that may be just." The application of *forum non conveniens* lies within the sound discretion of the trial court. *See Country Pride Foods Ltd. v. Medina & Medina*, 279 Ark. 75, 648 S.W.2d 485 (1983). Only if this discretion is abused will the reviewing court reverse. *Id.*

We hold that the trial court did not abuse its discretion in this case by electing to dismiss the complaint under the doctrine of *forum non conveniens*. A trial court commits an abuse of discretion when it improvidently exercises its discretion, for example, when discretion is exercised thoughtlessly and without due consideration. *Poff v. Brown*, 374 Ark. 453, 288 S.W.3d 620 (2008). Here, the trial court weighed the interests of the parties, as well as the procedural posture of the complaint, and concluded that it was best for the complaint currently in federal court to proceed. The trial court did not exercise its discretion

thoughtlessly or without due consideration.

Affirmed.

*Ludwig Law Firm*, by: *Gene Ludwig*; and
*David Hodges*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *R.T. Beard III*, and *Megan D. Hargraves*, for appellees.