BRANDON J. HARRISON, Judge
Karen Langston appeals the termination of her parental rights. She argues that the circuit court erred in denying her court-appointed attorney's request to withdraw from the case after Langston had expressed a desire (through her attorney) to hire a new attorney and to no longer have court-appointed counsel represent her. She also points out various ways in which her counsel allegedly stumbled during the termination hearing. We affirm the termination of Langston's parental rights.
I.
In the spring of 2017, Karen Langston's son, K.L., was removed from her custody and adjudicated dependent-neglected. K.L.
*551 was at risk of substantial harm due to Karen's use of methamphetamine and other illegal drugs. The record shows that Karen failed to comply with the court's orders for nearly a year. In April 2018, the Arkansas Department of Human Services (DHS) petitioned the Garland County Circuit Court to terminate her parental rights.
The circuit court convened a termination hearing on 23 May 2018. Karen was not present. Before the hearing began, Karen's attorney told the court that he had spoken with her the day before and that Karen had sent two emails telling him that he was fired and that she was going to hire a new attorney. He asked the court to allow him to withdraw from representation. No written motion to withdraw was filed, and the record lacks any other written or oral requests from Karen that she be allowed to change her attorney. Consequently, the record provides no explanation why Karen wanted her court-appointed attorney replaced.
DHS opposed the oral motion to withdraw and argued that Karen had been served under Arkansas Rule of Civil Procedure 5 and she "had well over a month to fire an attorney and hire another one." The attorney ad litem remained neutral on the subject. The circuit court denied Karen's attorney's motion, stating, "I don't know where she [Karen] is in regard to hiring counsel. I'm going to deny the motion and I don't know where that leaves you [parent counsel] in regard to ethically in this situation." Karen's attorney responded,
Your Honor, I'll defend her to the best of my ability. We were-up until yesterday afternoon we were actively working, developing the facts of the case and making recommendations of the case, so, you know, as of yesterday afternoon I felt like I was preparing with my client so that I could fully and competently [represent her] in the hearing today.
The court then told the attorney that he would be allowed to withdraw "after we get the findings in this case" and the findings were reported to Karen.
The hearing continued without Karen, and her parental rights were terminated. She appeals the termination order.
II.
Arkansas Rule of Civil Procedure 64(b) allows an attorney to withdraw representation under certain conditions. Ark. R. Civ. P. 64(b) (2017); see also Ark. Code Ann. § 9-27-325(f) (Repl. 2015) (applying rules of civil procedure in dependency-neglect cases). As the circuit court mentioned, an attorney's request to withdraw from a case involves the rules of professional conduct. See Ark. Sup. Ct. P. Regulating Prof'l Conduct Rule 1.16 (a)-(b) (2017). When ordered to do so by a court, a lawyer must continue his or her representation even if good cause for terminating the representation exists. Ark. Sup. Ct. P. Regulating Prof'l Conduct Rule 1.16(c).
Federal constitutional protections and state statutory provisions can apply when a person's parental rights are threatened to be terminated, though there is no absolute right to counsel in parental-termination cases under the Fourteenth Amendment to the United States Constitution. See Lassiter v. Dep't of Soc. Servs. , 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). Whether the termination case presented "troublesome points of law," or whether the presence of counsel could have made a determinative difference for the parent, are considerations courts must account for when deciding whether providing counsel is necessary to meet due-process requirements. Id. at 32, 101 S.Ct. 2153. Arkansas, as a matter of public policy, *552 has granted parents and custodians a right to counsel in dependency-neglect proceedings. Ark. Code Ann. § 9-27-316(h)(1)(A) (Repl. 2015); Battishill v. Ark. Dep't of Human Servs. , 78 Ark. App. 68, 73, 82 S.W.3d 178, 180 (2002). All parents have the right to be appointed counsel in termination hearings under certain circumstances. Ark. Code Ann. § 9-27-316 (h)(1)(A)-(E).
III.
Karen argues that this court should hold that she had a right to obtain new counsel to represent her during the termination proceeding because the Sixth Amendment to the United States Constitution grants her the right to the counsel of her choosing. She cites a postconviction criminal case in support of her argument, Arroyo v. State , 2013 Ark. 244, 428 S.W.3d 464. The court in Arroyo granted postconviction relief because "there [was] no evidence in the record that the circuit court balanced Appellant's right to choice of counsel against the needs of fairness and the demands of its calendar." Id. at 7, 428 S.W.3d at 470 (an erroneous deprivation of a criminal defendant's choice of counsel entitles him to reversal of his conviction). Karen argues that her right to counsel of her choice was likewise violated.
A significant procedural problem with Karen's argument, however, is that she did not argue to the circuit court that she had a right to the counsel of her choice or that the circuit court violated her federal or state constitutional rights. Karen did not appear at the hearing and object to her attorney continuing to represent her. She filed no written motion with the court. Her attorney did not request a continuance on her behalf. Generally, when a person does not object to counsel's representation, he or she is deemed to have acquiesced in that representation. Leasure v. State , 254 Ark. 961, 967, 497 S.W.2d 1, 5 (1973). Even in a case involving the termination of parental rights, we will not consider arguments made for the first time on appeal. Myers v. Ark. Dep't of Human Servs. , 91 Ark. App. 53, 55, 208 S.W.3d 241, 242 (2005).
We hold that, on this record, the court did not err when it convened and completed the termination hearing. Karen was represented by an attorney throughout the termination process, and the record does not otherwise present a developed issue that we may review and which could potentially present a reversible error.
On a different point, Karen argues that the Arkansas Supreme Court has held that the right to counsel in parental-termination cases includes the right to effective assistance of counsel. Jones v. Ark. Dep't of Human Servs. , 361 Ark. 164, 191, 205 S.W.3d 778, 794 (2005). Karen says that her counsel was ineffective because he did not tell the court that Karen was in Tennessee at a rehabilitation center, did not ask whether DHS had attempted to provide transportation for her to the hearing, nor did the attorney ask for a continuance so that Karen could be present at the hearing. She also points out that counsel did not present any evidence to the court that K.L.'s grandmother (Karen's mother) was a possible placement home for K.L. or argue that a less drastic remedy than termination was available by placing the child with his grandmother.
It is not entirely clear what procedural path a parent must travel to potentially prevail on an ineffective-assistance-of-counsel claim on appeal in a termination case. What is clear, however, is that a parent must first present any complaints to the circuit court. See Jones. , 361 Ark. at 191, 205 S.W.3d at 794 (holding ineffective-assistance-of-counsel argument was not *553 preserved); see also Taffner v. Ark. Dep't of Human Servs. , 2016 Ark. 231, at 16, 493 S.W.3d 319, 330 (Wood, J., concurring) ("The parents' mechanism for relief from the adjudication order due to ineffective assistance of counsel, as the majority states, is Rule 60 of the Arkansas Rules of Civil Procedure.") (emphasis added). Because Karen did not present her complaints about her lawyer's performance or trial strategy to the circuit court, we hold that these complaints are not preserved for our review. Taffner, supra .
Affirmed.
Klappenbach and Glover, JJ., agree.