SHAWN A. WOMACK, Associate Justice
Appellant Karen Langston appeals the circuit court order terminating her parental rights. On appeal, she asserts the circuit court erred in denying her court-appointed attorney's request to withdraw after Langston had terminated his services and sought to hire a new attorney. Our court of appeals affirmed the decision of the circuit court. Langston v. State , 2018 Ark. App. 615, 567 S.W.3d 549. Langston petitioned this court for review, which was granted. When we grant a petition for review, we treat the appeal as if it had been originally filed in this court. Holland v. State , 2015 Ark. 341, 471 S.W.3d 179. We affirm the circuit court's order terminating parental rights and vacate the opinion of the court of appeals.
I. Facts
In March 2017, the Arkansas Department of Human Services ("DHS") removed Langston's son, K.L., from her custody, finding that K.L. was at risk of substantial harm due to Langston's use of methamphetamine. The circuit court found that for nearly a year, Langston failed to comply with her case plan and court orders and she had made no progress toward alleviating or mitigating the causes of K.L.'s removal. On April 13, 2018, DHS filed a petition in the Garland County Circuit Court for the termination of Langston's parental rights.
The petition for termination of parental rights was served on Langston on April 20, 2018, and the circuit court convened a termination hearing on May 23rd. Langston did not appear at the termination hearing. Before the hearing began, Langston's attorney informed the court that he had spoken to Langston the day before, and following their conversation, she sent him an email stating he was fired and that she was going to hire a new attorney. He presented the court with an oral motion to withdraw as counsel. There are no oral or written requests in the record from Langston for a continuance or asking that she be allowed a change of attorney.
DHS opposed the motion to withdraw and argued that Langston had been served under Arkansas Rule of Civil Procedure 5 and that she had over a month to fire her attorney and hire a new one. The attorney ad litem remained neutral on the motion. The circuit court denied the motion and Langston's attorney indicated he was prepared to represent her at the hearing. The hearing continued without Langston, and her parental rights were terminated. She appeals the termination order.
II. Standard of Review
This court reviews denials of motions to withdraw for an abuse of discretion. Townsend v. State , 350 Ark. 129, 136, 85 S.W.3d 526, 529 (2002). A court commits an abuse of discretion when it carelessly exercises its discretion without due consideration.
*140 Silkman v. Evangelical Lutheran Good Samaritan Soc'y , 2015 Ark. 422, at 5, 474 S.W.3d 74, 77.
III. Arguments and Analysis
On appeal, Langston argues that the circuit court committed a reversible error by denying her counsel's motion to withdraw. She claims that by denying the motion, the circuit court violated her Sixth Amendment right to counsel of one's choosing. Langston's attorney did not object to the circuit court's ruling on the motion to withdraw, nor did he request a continuance. Instead, he responded that he was prepared to the try the case.
It is well-established that for a circuit court to have committed a reversible error, a timely objection must have been made, so that the circuit court may be given the opportunity to correct its error. See Holcombe v. Marts , 352 Ark. 201, 204, 99 S.W.3d 401, 403 (2003). Even where constitutional issues are presented in a termination of parental rights hearing, these objections will be waived unless made in a timely fashion to the circuit court. See McNutt v. Yates , 2013 Ark. 427, at 6, 430 S.W.3d 91, 96 ; Anderson v. Douglas , 310 Ark. 633, 839 S.W.2d 196 (1992). Because there was no objection by Karen's attorney, the denial of the motion to withdraw is not an issue preserved on appeal.
Furthermore, Langston never raised the argument to the circuit court that her state or federal constitutional rights had been violated. This court has held that when an appellant fails to raise an argument before the circuit court, the appellate court will not consider the argument when raised for the first time on appeal. See Williams v. State , 304 Ark. 279, 283, 801 S.W.2d 296, 299 (1990). Parties are bound by the scope of the arguments presented at the trial level. Id .
Finally, even if we were to consider the merits of Langston's constitutional claims, her argument would still fail. It is the law of this state that parents have a right to counsel for termination proceedings. See Ark. Code Ann. § 9-27-316 (Repl. 2017); Briscoe v. State , 323 Ark. 4, 912 S.W.2d 425 (1996). However, the right to counsel of one's choosing is not absolute. Clements v. State , 306 Ark. 596, 606, 817 S.W.2d 194, 198 (1991). As Langston herself acknowledges, a defendant may not use his or her right to counsel to frustrate the power of the court to conduct an orderly, efficient, and effective administration of justice. Bullock v. State , 353 Ark. 577, 582, 111 S.W.3d 380, 384 (2003). Langston contends that the circuit court's denial of her attorney's motion to withdraw frustrated her opportunity to obtain counsel of her choosing and she was therefore prejudiced. Yet, Langston's firing of her attorney on the eve of her termination hearing-with no arrangements made for substitute counsel-plainly frustrated the court's power to conduct an orderly and efficient proceeding.
In support of her argument, Langston cites Arroyo v. State , 2013 Ark. 244, 428 S.W.3d 464, a postconviction case. In Arroyo , the defendant, on the eve of trial, requested permission to hire a new attorney and therefore would need a continuance. Id. at 4, 428 S.W.3d at 466. This court held that in denying Arroyo's request, that the circuit court failed to do any balancing test when considering the request to continue the case to have new counsel substituted to represent Arroyo. Id. at 7-8, 428 S.W.3d at 470. There exists, however, several key distinctions between Arroyo and the present case. First, Arroyo had already obtained substitute counsel when the motion to withdraw was made, whereas Langston had made no such effort. Additionally, Langston did not appear at the termination hearing; she did not argue to the circuit court that she had a right to counsel of her choosing or that her *141 state or federal constitutional rights had been violated; she filed no written motion with the court nor did her attorney request a continuance on her behalf; and she filed no post-hearing motions seeking relief from judgment.
Langston also argues she suffered from ineffective assistance of counsel at her termination hearing. This court has held that parents have a right to effective counsel in parental-termination cases. Jones v. Ark. Dep't of Human Servs. , 361 Ark. 164, 191, 205 S.W.3d 778, 794 (2005). The basis of Langston's ineffective assistance of counsel claim is that her attorney did not inform the court she was in Tennessee at a rehabilitation center[1] , did not ask whether DHS had attempted to make arrangements for her transportation to the hearing, and did not present any evidence to the court that K.L.'s grandmother was a possible placement home for K.L. This court will not consider a claim of ineffective counsel on appeal if the issue was not first raised to the circuit court. See Jones , 361 Ark. at 191, 205 S.W.3d at 794. Because Langston never presented her complaints regarding her attorney's performance or trial strategy to the circuit court, these complaints are not preserved for our review.
The underlying premise of Langston's constitutional claim is that the circuit court's denial of her attorney's motion to withdraw was, in effect, a denial for a motion for continuance so that she may obtain new counsel. In addition to Langston's concession that her attorney made no such request at the hearing, there remains the fact that Langston had over a month between the time she was served notice of the termination hearing and the hearing itself to either request a continuance or make arrangements to obtain new counsel.
Affirmed; court of appeals opinion vacated.
Baker, J., concurs without opinion.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
The Supreme Court of the United States has recognized that a parent has a fundamental constitutional right to parent his or her children without undue government interference. Troxel v. Granville , 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). I note further that the exact phrase "termination of parental rights is an extreme remedy and in derogation of the natural rights of the parent," or a very close equivalent, has appeared in at least 272 Arkansas appellate-court opinions in which termination of parental rights has been reviewed. Few propositions are more firmly established by the common law of this state. Ms. Langston's right to counsel in all dependency-neglect proceedings is guaranteed by statute. Ark. Code Ann. § 9-27-316 (Supp. 2017). Accordingly, the right to counsel is a fundamental component of due process in proceedings in which the State seeks to terminate a parent's right to parent his or her child. Yet today, the majority has affirmed an order terminating the parental rights of a parent who was not present at the hearing and was "represented" by an attorney she had fired.
The majority glosses over Ms. Langston's absence, although the record indicates that she was unable to attend because she was in court-ordered drug rehab in the state of Tennessee. Amazingly, the majority uses her absence to invoke procedural bars to dispose of her rather compelling arguments. In doing so, the majority has corrupted *142 the contemporaneous-objection rule. Our preservation jurisprudence specifies only that an objection or argument be made at the first opportunity. E.g. , Vance v. State , 2011 Ark. 243, 383 S.W.3d 325. Never mind the fact that Ms. Langston was physically in another state, Ms. Langston was unable to make the arguments that she raises in her appellate brief because the circuit court refused to grant her desire to discharge her attorney. As a consequence of her being "represented" by counsel, the circuit court would not entertain a pro se motion. See Shields v. QHG of Springdale, Inc. , 2009 Ark. 88, 302 S.W.3d 598. This "representation" persisted during the time for filing post-trial motions.
While acknowledging in dicta that in Jones v. Arkansas Department of Human Services , 361 Ark. 164, 190, 205 S.W.3d 778, 794 (2005), this court has recognized that a parent has a right to "effective counsel," the majority nonetheless found no reversible error when the circuit court decided that the attorney Ms. Langston had fired would "represent" her in the termination hearing. This so-called representation consisted of calling no witnesses, not even making arrangements for Ms. Langston to attend the hearing, and engaging in only brief, perfunctory cross-examination of ADHS's witnesses. It is noteworthy that this attorney was apparently the same appointed counsel that inexplicably failed to pursue relative placement of the minor child with Ms. Langston's mother. It is small wonder that ADHS opposed granting this "advocate's" motion to withdraw. It is obvious to me that Ms. Langston did not receive due process, only process.
I respectfully dissent.

Langston entered an outpatient drug rehabilitation program on April 12, 2018.