Cite as 2020 Ark. App. 227

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-19-944

| | |
|---|---|
| TANYA TAYLOR<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES AND MINOR<br>CHILDREN<br><br>APPELLEES | **Opinion Delivered:** April 15, 2020<br><br>APPEAL FROM THE GREENE<br>COUNTY CIRCUIT COURT<br>[NO. 28JV-2018-176]<br><br>HONORABLE BARBARA HALSEY,<br>JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Tanya Taylor appeals the Greene County Circuit Court order terminating her parental rights to her children, C.T.1, C.T.2, C.T.3, and D.B. On appeal, Taylor argues that the circuit court erred by denying her request for a new attorney at the termination hearing. We affirm.

On August 6, 2018, the Arkansas Department of Human Services (DHS) filed a petition for emergency custody and dependency-neglect of C.T.1, C.T.2, C.T.3, and D.B. In the affidavit attached to the petition, DHS alleged that a report was made to the child-abuse hotline that C.T.1 had been living with an unrelated male, Jerry McKee, for two months and that McKee had been sexually abusing the child. When DHS confronted Taylor with the allegations, she did not believe that C.T.1 had been abused. Further, when DHS later inspected Taylor's home, the DHS worker found it unsafe for children. On the same

day the petition was filed, the circuit court entered an ex parte order for emergency custody. In that order, the court appointed Ben Bristow as Taylor's attorney.

On August 17, the circuit court held a probable-cause hearing and entered an order on September 21. The court found probable cause for the emergency custody. On September 21, the court adjudicated the children dependent-neglected based on the abuse of C.T.1 and environmental neglect by Taylor.

On February 7, 2019, the attorney ad litem filed a petition for termination of Taylor's parental rights alleging three grounds for termination. The petition noted that Taylor was incarcerated in the Arkansas Department of Correction. On May 5, the court held a termination hearing, but the court dismissed the petition against Taylor for lack of service.

On May 20, the attorney ad litem filed a second petition for termination of Taylor's parental rights alleging three grounds for termination. The court set the termination hearing for August 15.

On July 11, the court entered an order substituting counsel for Taylor. Specifically, the court stated that Bristow would no longer be serving as parent counsel in Greene County, and it appointed Stacy Bryant Ryall to represent Taylor. On July 12, the court continued the termination hearing to August 27 due to Ryall's unavailability.

On August 27, the court held a termination hearing. At the onset of the hearing, Taylor requested that the court appoint her new counsel because she believed Ryall was working for DHS. She further stated that Ryall had advised her to relinquish her parental rights and that Ryall had not advocated for her or her children's best interest. The court found that Taylor had not alleged good cause to release Ryall, but it informed Taylor that

2

she had the constitutional right to represent herself. The court, however, advised Taylor against self-representation. Taylor responded, "If she's all I got, then I guess I take her." The court thereafter proceeded with a two-day termination hearing. On September 27, the court entered an order terminating Taylor's parental rights on the three grounds pled in the petition. This appeal followed.

Taylor raises one issue on appeal. She argues that the circuit court committed reversible error by denying her request for new counsel at the termination hearing. She claims that by denying her request, the court violated her Sixth Amendment right to counsel of one's choosing. She asserts that the circumstances here are similar to those in a postconviction criminal case, *Arroyo v. State*, 2013 Ark. 244, 428 S.W.3d 464, wherein our supreme court held that the circuit court erred in denying a criminal defendant's request to hire a new attorney because it failed to conduct any balancing test. Taylor points out that in this case, the circuit court did not conduct a balancing test and required her to prove good cause.

However, Taylor did not raise the argument to the circuit court that her constitutional rights had been violated. Even in a case involving the termination of parental rights, we will not consider arguments made for the first time on appeal. *Langston v. Ark. Dep't of Human Servs.*, 2019 Ark. 152, 574 S.W.3d 138; *Myers v. Ark. Dep't of Human Servs.*, 91 Ark. App. 53, 208 S.W.3d 241 (2005). Parties are bound by the scope of the arguments

presented at the trial level. *Langston*, 2019 Ark. 152, 574 S.W.3d 138. Accordingly, we cannot address the merits of Taylor's constitutional argument.[1]

Affirmed.

KLAPPENBACH and MURPHY, JJ., agree.

*Tabitha McNulty*, Arkansas Commission for Parent Counsel, for appellant.

*Andrew Firth*, Office of Chief Counsel, for appellee.

*Kimberly Boling Bibb*, attorney ad litem for minor children.

---

[1]We further point out that in this case, Taylor requested the appointment of new counsel whereas in *Arroyo*, the defendant had sought to retain a new attorney. The *Arroyo* court specifically noted that "'the right to counsel of choice does not extend to defendants who require counsel to be appointed for them.'" *Arroyo*, 2013 Ark. 244, at 5 n.2, 428 S.W.3d at 468 n.2 (quoting *U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006)).