Cite as 2021 Ark. App. 200

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–20–638

| | |
|---|---|
| KACIE SCOTT<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br>APPELLEES | **Opinion Delivered:** April 28, 2021<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT<br>[NO. 63JV-18-7]<br><br>HONORABLE GARY ARNOLD, JUDGE<br><br>AFFIRMED |

**MIKE MURPHY, Judge**

On January 8, 2018, the children DC, an infant, and ZW, then age 4, came into the emergency custody of the Arkansas Department of Human Services (DHS) because DC presented at the emergency room with multiple unexplained injuries: three arm fractures, two fractures in each leg, and a possible skull fracture. DHS was concerned that the mother, appellant Kacie Scott, lacked the ability to protect the children. At the time of removal, the children, Kacie, and Kacie's boyfriend were living at Kacie's mom's house.

The case progressed. The children were adjudicated dependent-neglected. The circuit court found that they were at a substantial risk of serious harm due to abuse, neglect, and parental unfitness. Several review and permanency-planning hearings were held over the next two years, but Kacie never progressed to a point that DHS or the court considered her suitable for returned custody. She was offered services but did not comply with the individual-counseling requirement. During the pendency of the case, Kacie had a baby but lied to the court about being pregnant. She gave guardianship of that baby to her mother, and that child is not subject to this action. During

the pendency of this, case she and her mother were also arrested for shoplifting. Also pertinent to this case is that the children had been temporarily placed with the maternal great-grandparents with the hope that it would be a potential permanent placement for them; however, that placement fell through. At a December 30, 2019 review hearing, the circuit court changed the goal of the case to adoption or relative placement. DHS subsequently filed a petition to terminate Kacie's parental rights, alleging multiple grounds and that it was in the children's best interest to terminate Kacie's parental rights.

At the termination hearing, the court heard testimony that the children had been in DHS custody for over two years, Kacie and her mother had both recently been arrested for shoplifting, and the issues that had caused the children to come into DHS custody were still mostly unresolved. The caseworker testified that Kacie's mother was investigated as a potential placement for the children, but DHS declined to recommend placement with her. The children's therapist testified that they would benefit from the permanency offered by termination of parental rights.

At the conclusion of the hearing, the circuit court found that DHS met its burden, granted its petition, and terminated Kacie's parental rights. As it related to the maternal grandmother, the circuit court found that the grandmother's goal was to protect her daughter, not her grandchildren, and expressed concern for the newborn under her guardianship. Kacie timely appealed. On appeal, she argues that termination of her parental rights was not in the children's best interest.

We review termination-of-parental-rights cases de novo. *Hune v. Ark. Dep't of Hum. Servs.*, 2010 Ark. App. 543. At least one statutory ground must exist in addition to a finding that it is in the children's best interest to terminate parental rights. Ark. Code Ann. § 9-27-341 (Repl. 2020); *Kohlman v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 164, 544 S.W.3d 595. A best-interest finding under the Arkansas Juvenile Code must include consideration of two factors: the likelihood of adoption and potential harm. Ark. Code Ann. § 9-27-341(b)(3)(A)(i) & (ii). Potential harm must

2

be viewed in a forward-looking manner and in broad terms, including the harm the child suffers from the lack of stability of a permanent home. *Wallace v. Ark. Dep't of Hum. Servs.*, 2015 Ark. App. 481, at 12, 470 S.W.3d 286, 293.

Kacie does not challenge the statutory grounds the circuit court relied on to terminate her parental rights; therefore, any challenge relating to the statutory grounds is waived. *Benedict v. Ark. Dep't of Hum. Servs.*, 96 Ark. App. 395, 409, 242 S.W.3d 305, 316–17 (2006). Instead, Kacie limits her argument to the best-interest finding asserting that the circuit court erred because DHS failed to fully investigate and work with the maternal grandmother, who had guardianship over the children's sibling. She further asserts that there were no safeguards offered to the children to protect their sibling relationship with the infant born during the pendency of this case. Kacie does not argue that her children are not adoptable.

We agree with the circuit court that the children would be subject to potential harm if they were returned to Kacie's custody. A potential-harm analysis must be conducted in broad terms, taking into consideration the harm to the children's health and safety that might occur from continued contact with the parent. *Cole v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 481, at 9, 611 S.W.3d 218, 223, *reh'g denied* (Dec. 2, 2020), *petition for review denied* (Jan. 21, 2021). The circuit court is not required to find that actual harm would result or identify the potential harm. *Id.* There was evidence that at the time of the termination hearing there was still a safety concern in that Kacie could not adequately supervise her children and that they would continue to be at risk for injury.

Turning to Kacie's specific arguments regarding family placement and sibling relationships, we agree with DHS that they are not preserved. These arguments were not made to the circuit court below at the termination hearing and are now precluded from our consideration on appeal. *See, e.g., Myers v. Ark. Dep't of Hum. Servs.*, 91 Ark. App. 53, 55, 208 S.W.3d 241, 242 (2005); *see also Cole, supra.* Nevertheless, regarding the suitability of the grandmother, DHS specifically rejected

3

her home as a possible placement, and the court expressed concern with her as a possible placement, finding that she would not protect the children. Nor was there evidence presented of a sibling relationship such that the termination of the sibling relationship would somehow impact the potential harm of the children. *See Harris v. Ark. Dep't of Hum. Servs.*, 2021 Ark. App. 158, at 1 ("[S]ibling relationships do not dictate the outcome of termination decisions, especially when there is little to no evidence of a sibling bond."). After a de novo review, we hold that it was not clearly erroneous for the circuit court to find that termination of Kacie's parental rights was in the children's best interest.

Affirmed.

VIRDEN and BROWN, JJ., agree.

*Tabitha McNulty*, Arkansas Commission for Parent Counsel, for appellant.

*Ellen K. Howard*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Casey D. Copeland*, attorney ad litem for minor children.